GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-0 00101-002-PHX-SMB |
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Jamila Renee Thompson, | |
| Defendant. | |

Defendant JAMILA RENEE THOMPSON ("Defendant") pleaded guilty to Count 8, Material False Statement During the Purchase of a Firearm, and Aid and Abet. The United States recommends that Defendant receive a sentence of four years' probation.

The United States has no objections or corrections to the Presentence Report ("PSR"). (ECF 62.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category I. PSR at ¶¶ 41 and 45, resulting in a Guidelines range of 12-18 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant on January 16, 2024. On June 27, 2024, Defendant pleaded guilty to Count 8 of the Indictment, Material False Statement During the Purchase

of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2. Defendant agreed with detailed facts in her plea agreement, including:

Between at least January 27, 2022, and March 23, 2022, Defendant Thompson communicated with co-defendant Dondi Georell Williams (Williams) about purchasing firearms in the District of Arizona, on his behalf. During that time, Defendant Thompson exchanged text messages with Williams regarding the types of firearms to purchase and the location where firearms would be purchased.

On March 23, 2022, Defendant Thompson purchased two firearms at Sportsman's Warehouse in Phoenix, Arizona. To obtain the firearms, Thompson completed the Firearms Transaction Record, known as ATF Form 4473. A question of the Form 4473 asks if the purchaser is the "actual transferee/buyer" of the firearm with a warning that the purchaser is not the actual transferee/buyer if they are acquiring the firearm on behalf of another person. In response to that question, Thompson indicated that she was the actual purchaser/buyer, when she knew that she was obtaining the firearms for Williams.

Additionally, from approximately January 27, 2022, to March 23, 2022, Defendant Thompson purchased at least 20 firearms. The purchase of these firearms was done in coordination with co-defendant Williams. Williams paid Thompson $100 per firearm.

Further, Defendant Thompson introduced co-defendant Shawntavia Maloney (Maloney) to co-defendant Williams so that Maloney could also purchase firearms on Williams' behalf to earn money.

It is worth noting that several of the firearms Defendant Thompson purchased were recovered outside of the state of Arizona. Additionally, co-defendant Williams is a convicted felon and cannot legally purchase or possess firearms. Williams resides in California, where firearms laws are stricter than in Arizona.

The United States acknowledges that Defendant Thompson's crimes were committed over two years ago. The government does not know of any other unlawful conduct committed by the Thompson from the time she was approached by law enforcement to the present. Thompson took responsibility for her actions in a timely

fashion by entering a plea within a few months of the indictment.   The Court should also note that Thompson did initially struggle with sobriety.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of probation.  The United States will dismiss Counts 1-7 of the Indictment at the time of sentencing.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).   The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).   As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that probation for Defendant Thompson is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).   The nature and circumstances of Defendant Thompson's offense are concerning.  Purchasing firearms with the intent of those going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals.  Here, firearms were, in fact obtained for a convicted felon and some of the firearms did go out of state.  Further, Defendant Thompson introduced two of her co-defendants so additional firearms could be

obtained by Maloney for Williams. The nature and circumstances of Defendant Thompson's actions could easily justify a custodial sentence. However, Defendant Thompson's crimes did not span a lengthy time period, and she has remained law abiding. These factors weigh in favor of the recommendation herein.

### 2. Defendant's History and Characteristics

Defendant Thompson's history and characteristics weigh in favor of a probation sentence. Defendant has no prior felony convictions, making her criminal history a category I. Once law enforcement approached Thompson, her criminal activity ceased. Several years have passed since that time, and Defendant Thompson has remained law abiding. Thompson is currently pregnant. During her pretrial release, she has struggled with sobriety, but appears to be adjusting to her treatment at Crossroads. A probation sentence will allow Thompson to continue substance treatment and deliver a healthy baby.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Thompson's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, probation is appropriate for this individual.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, even before being indicted, Defendant Thompson had been deterred from engaging in further criminal activity. The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general

deterrence as "one of the key purposes of sentencing"). Here, other people should be deterred from committing a similar crime based on Defendant Thompson's conviction and her law-abiding conduct since law-enforcement contact.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Thompson. She has demonstrated that she is no longer a threat to the public.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). While Defendant Thompson is on probation, she can undergo additional substance abuse treatment, as well as vocational skills and employment assistance.

### III.    CONCLUSION

The United States recommends that Defendant receive a four-year sentence of probation. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 10th day of September, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

- 5 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on September 10, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Diego Rodriguez
Counsel for Defendant Thompson

*s/ J. Schesnol*
U.S. Attorney's Office