GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>SummerRain Elizabeth Wise,<br><br>Defendant. | No. CR-24-00101-004-PHX-SMB<br><br>UNITED STATES' SENTENCING MEMORANDUM |

Defendant SummerRain Elizabeth Wise ("Defendant" or "Wise") pleaded guilty to Count 31, False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of five years' probation.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("PSR"). (Doc. 97.) The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category I. PSR at ¶¶ 39 and 43, resulting in a Guidelines range of 12-18 months' imprisonment. The Draft PSR recommends three-years' probation. The United States recommends five-years' probation. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant Wise on January 16, 2024.  On November 21, 2024, Defendant pleaded guilty to Count 31 of the Indictment, False Statement During the Purchase of a Firearm, in violation of 18 United States Code § 924(a)(1)(A).  Defendant Wise agreed with the facts in her plea agreement, including:

On May 28, 2022, Wise used a false address on an ATF Form 4473.  Additionally, she used a false address on a total of seven ATF Forms 4473.  Further, between May 3, 2022 and May 28, 2022, she purchased approximately 16 firearms at five different FFLs, and three of those firearms were recovered in California.

**II.    UNITED STATES'S SENTENCING RECOMMENDATION**

Based on the analysis below, the United States recommends that Defendant Wise receive a sentence of five-years' probation.[1]  The United States will dismiss Counts 1, 18-30 of the indictment, as to Defendant Wise only, at the time of sentencing.

**A Probation Sentence is Appropriate under § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

---

[1] The United States recommendation is subject to change if new information is learned between the date of this filing and the sentencing hearing.

In the instance case, the United States is recommending a sentence below the Guidelines, for the reasons contained herein. The government submits that probation for Defendant Wise is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Wise's offense are concerning. Purchasing firearms without being completely truthful on the ATF Form 4473 is concerning. Knowing the current address of the purchaser of firearms is vital to tracking weapons. However, Defendant Wise's crimes did not span a lengthy time period, and she has remained law abiding for the last several years. These factors weigh in favor of the recommendation herein.

### 2. Defendant's History and Characteristics

Defendant Wise's history and characteristics weigh in favor of a probation sentence. Defendant Wise was relatively young when the crimes were committed, and she currently has young children for whom she is solely responsible. Defendant Wise is working two jobs, and Wise has no prior felony convictions. Further, Defendant Wise appeared to cease her criminal activity on her own, nearly three years ago, and has remained law abiding since. Finally, in the Draft PSR, Wise took complete and total responsibility for her actions and expressed remorse.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Wise's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, probation is appropriate for this individual.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, even before being indicted, Defendant Wise had been deterred from engaging in further criminal activity. The government is optimistic that a felony conviction will be a specific deterrent from her engaging in future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Here, members of the community should be deterred from committing similar crimes, based on Defendant Wise's conviction and that this recommendation is based, in part, on Wise ending her criminal conduct on her own.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Wise's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Wise. She has demonstrated that she is no longer a threat to the public.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant Wise with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). While Defendant Wise is on probation, she can receive training and assistance regarding vocational skills and employment opportunities, if necessary.

**III. CONCLUSION**

The United States recommends that Defendant Wise receive a five-year sentence of probation. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of January, 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Carlos Brown
Counsel for Defendant Wise

*s/ J. Schesnol*
U.S. Attorney's Office