GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, vs. Dondi Georell Williams, Defendant. | No. CR-24-00101-001-PHX-SMB **UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Dondi Georell Williams ("Defendant" or "Williams") pleaded guilty to Count 8 of the Indictment, Material False Statement During the Purchase of a Firearm and Aid and Abet. The United States recommends that Defendant receive a sentence of incarceration below the Guidelines. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (Doc. 96.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 25 and Criminal History Category ("CHC") II. (Draft PSR at ¶¶ 38, 42, and 62.) This results in a Guidelines range of 63-78 months' imprisonment. The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Williams on January 16, 2024.  (Doc. 1.)  On November 22, 2024, Defendant Williams pleaded guilty to Count 2 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2.  (Doc. 88.)

The facts giving rise to Williams's crime are detailed in the plea agreement and further detailed in the Draft PSR, including, due to his status as a felon being unable to purchase firearms himself, utilizing co-defendants to obtain no less than 60 firearms on his behalf.  (Draft PSR at ¶¶ 7-20.)

## II.  UNITED STATES' SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Williams receive a prison sentence of 51-months incarceration, which is below the Guidelines.[1]  The government also recommends the term of incarceration be followed by a term of three-years' supervised release.  The United States will dismiss Counts 1-7 and 9-24 of the Indictment, as to Defendant Williams only.

### A.   A Prison Sentence is Appropriate Pursuant to § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50

---

[1] The United States recommendation is subject to change if new information is learned between the date of this filing and the sentencing hearing.

(2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).

In the present case, based on the reasons set forth herein, the United States submits that a prison sentence below the Guidelines for Defendant Williams is a fair and just sentence, which is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Defendant Williams, a convicted felon, could not legally purchase firearms himself. Therefore, he enlisted his co-defendants (and possibly others) to purchase firearms on his behalf. Williams made multiple trips from California to Arizona to scout FFLs and their inventory. Williams was paid for obtaining firearms and bringing the firearms from Arizona to California.

Between approximately January 27, 2022, and May 28, 2022, Defendant Williams communicated with his co-defendants about purchasing firearms on his behalf, exchanging dozens of text messages with the co-defendants regarding the types of firearms to purchase and the location where the firearms would be purchased, and how much he would pay them for purchasing firearms. The co-defendants purchased at least 60 firearms for, and in coordination with, Williams. The nature and circumstances of Defendant Williams's actions justify a prison sentence.

### 2. Defendant's History and Characteristics

Defendant Williams's was convicted of robbery, as set forth in the Draft PSR. Additionally, during his time in prison, he received disciplinary infractions. Defendant Williams's crimes in this case began within a few years of his release from parole. There are some concerning/mitigating circumstances set forth in the Draft PSR that are relevant to Williams's life circumstances and justify as sentence of imprisonment below the Guidelines. (Draft PSR at ¶¶ 48, 54, and 56.) It is also relevant that Williams did not

engage in further criminal activity after contact with law enforcement in July 2022. Defendant is before the Court for his second felony offense, and a prison sentence is warranted.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Obtaining firearms in Arizona and then brining those to California is serious. This was obviously done because the firearms laws in California are stricter than those of Arizona, thus firearms are less expensive in Arizona and easier to obtain. Williams's offense is serious and warrant a prison sentence.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A prison sentence is appropriate to deter Defendant from committing future crimes. The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Defendant Williams needs to be deterred from engaging in criminal conduct, and his sentence must be sufficient to deter him, and others who engage in criminal conduct, from future illegal acts.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Williams's conduct is serious and dangerous. This is his second felony conviction; therefore, a prison sentence is appropriate.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From a review of the Draft PSR, it appears that Williams could benefit from education and vocational skills, as well as mental health and substance abuse treatment, all of which he can receive in the Bureau of Prisons.

### B. Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)

The United States recommends that Defendant Williams be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Williams remains law abiding. This will protect the public from further crimes by Defendant Williams and, hopefully, deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## III. CONCLUSION

The United States recommends that Defendant Williams receive a sentence of imprisonment of 51-months incarceration. The United States further recommends that Williams receive a term of three years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of January, 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on January 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Keilembo D. Ellison
Counsel for Defendant Williams

*s/ J. Schesnol*
U.S. Attorney's Office