TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
DIAMOND J. ZAMBRANO
Assistant U.S. Attorney
Arizona State Bar No. 036390
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: diamond.zambrano@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-24-00101-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S PRESENTENCE INVESTIGATION REPORT OBJECTION** |
| Shawntavia Lee Maloney, | |
| Defendant. | |

The Government respectfully submits its Response to Defendant Shawntavia Lee Maloney's Objection to the Presentence Investigative Report ("PSR"). From February 8, 2022, through March 22, 2022, Defendant unlawfully obtained 33 firearms by making false statements to licensed firearms dealers. Because the offense involved 33 firearms, the Pre-Sentence Investigation Report (PSR) correctly applied a six-level enhancement under U.S.S.G. § 2K2.1(b)(1). This Court should, therefore, deny Defendant's objection because Defendant unlawfully obtained the 33 firearms using false statements.

///

///

///

## I. RELEVANT BACKGROUND

### A. Factual Background

From February 8, 2022, through March 22, 2022, Defendant purchased 33 firearms from various Federal Firearm Licensees ("FFL") throughout Phoenix, Arizona:

| Date | FFL Name[1] | Firearms Purchased | Exhibit |
|---|---|---|---|
| February 8, 2022 | Ammo AZ | 6 | A |
| February 9, 2022 | Ammo AZ | 5 | B |
| March 8, 2022 | Ammo AZ | 4 | C |
| March 8, 2022 | Tombstone Tactical | 3 | D |
| March 9, 2022 | Ammo AZ | 3 | E |
| March 12, 2022 | Ammo AZ | 3 | F |
| March 12, 2022 | Tombstone Tactical | 1 | G |
| March 12, 2022 | Sportsman's Warehouse | 2 | H |
| March 22, 2022 | Ammo AZ | 6 | I |
| Total | 33 | | |

Each time she made a purchase, she completed a Bureau of Alcohol, Tobacco, Firearm, and Explosives From 4473, Firearm Transaction Record ("Form 4473"). On those Form 4473s she provided her biographical information, including her *current* address, and represented she was the actual buyer (i.e., she was not acquiring the firearms on behalf of another person). In a span of 42 days, she executed nine forms and paid over $18,000 for 33 firearms, which she unlawfully obtained by making false statements to the FFLs.

First, on seven of the form 4473s, she falsely indicated that she currently lived at the Madison Pointe Apartments located at North 9th Street in Phoenix, Arizona, when in fact, she no longer lived at that location. (Exs. C–I.) Indeed, a Madison Pointe leasing office

---

[1] Ammo AZ, Tombstone Tactical, and Sportsman's Warehouse are all FFLs. (Ex. J).

employee confirmed that Defendant moved out of the apartment on February 28, 2022. (Ex. K). After she moved out, she continued to purchase firearms on at least seven occasions. (*See* Exs. C–I.) In total, she obtained 22 firearms by providing the FFLs with a false address.

Second, on each Form 4473 she falsely indicated she was the actual buyer when in fact, she was purchasing the firearms on behalf of co-defendant Dondi Georell Williams. On April 6, 2022, ATF Special Agent Schorr interviewed Defendant about her firearm purchases. (PSR ¶ 13.) Defendant admitted that she purchased firearms for an individual named "Rell." (PSR ¶ 13.) Rell would give her $100 for each firearm. (PSR ¶ 13.) Rell would then take the firearms to California. (PSR ¶ 13.) She also stated that Rell asked her to purchase firearms for him and they would meet at location near a gun store. (PSR ¶ 13.) Defendant indicated she would go into the gun store, purchase the firearms, then take them back to Rell. (PSR ¶ 13.) In a six-pack lineup, Defendant identified Dondi Georell Williams as "Rell." (PSR ¶ 13.)

On July 27, 2022, a residential search warrant was executed at Williams' home in Lancaster, California. (PSR ¶ 17.) Special Agents located multiple receipts for the firearms purchased by Defendant. (PSR ¶ 17; Ex. L.) Williams stated he picked up firearms for other individuals and delivered the firearms back to them. (PSR ¶ 17.) Williams indicated he made multiple trips to Arizona to obtain firearms. (PSR ¶ 17.) Williams would find individuals to purchase firearms for him, and then take the firearms back to California, and he would be paid $1,500 to $2,000 per trip. (PSR ¶ 17.) Williams stated he could not purchase firearms because he was a convicted felon, so he recruited individuals to purchase firearms for him. (PSR ¶ 17.) Williams stated he recruited co-defendant Thompson to purchase firearms for him on multiple occasions, and Thompson introduced him to Defendant. (PSR ¶ 17.) Williams estimated he made approximately 10 to 12 trips to Arizona to purchase firearms, which he took back to California. (PSR ¶ 17.) Williams was always paid in cash for the purchase of firearms, he paid the straw purchasers approximately $100 per firearm. (PSR ¶ 17.)

### B. Procedural Background

On January 16, 2024, a 31-count indictment was filed in the charging Defendant with conspiracy to make false statements in the purchase of a firearm and material false statements in the purchase of a firearm. On February 11, 20205, a superseding indictment was filed charging Defendant with false statement in the purchase of a firearm and dealing firearms without a license.

On April 14, 2025, Defendant pleaded guilty to Count 38 of the superseding indictment. In the factual basis of the plea agreement, she admitted to the following:

> On March 22, 2022, I, Defendant SHAWNTAVIA MALONEY, purchased six firearms at Ammo AZ in Phoenix, Arizona. Ammo AZ is a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code. To obtain the firearms, I completed the Firearms Transaction Record, known as ATF Form 27 4473, at Ammo AZ on March 22, 2022. Under the provisions of Chapter 44 of Title United States Code, ATF Form 4473 contains information required to be kept by FFLs.

> In completing the ATF Form 44 73, I indicated that my current address was on North 9th Street in Phoenix, AZ. I, Defendant SHAWNTAVIA MALONEY, knew that on March 22, 2022, I did not live on North 9th Street in Phoenix.

> From approximately February 8, 2022, to March 22, 2022, I, Defendant SHAWNTAVIA MALONEY, purchased at least 33 firearms.

## II. ARGUMENT

### A. Legal Standard

U.S.S.G. § 2K2.1(b)(1) requires a defendant's base offense level to be increased by six levels if the offense involves 25–99 firearms. Under the guidelines, only firearms that "were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain *by making a false statement to a licensed dealer*" are counted for purposes of Subsection (b)(1). U.S.S.G. § 2K2.1, comment. (n.5). The government need only establish by a preponderance of the evidence that Defendant unlawfully obtained firearms by making false statements to a

licensed dealer. *See United States v. Lucas,* 101 F.4th 1158, 1164 (9th Cir. 2024). Moreover, specific offense characteristics are determined on the basis of all relevant conduct, broadly defined, that occurred in relation to the offense of conviction. *See* U.S.S.G. § 1B1.3(a). A court may also consider uncharged conduct as long as it is relevant under U.S.S.G. § 1B1.3(a). *See United States v. Parlor*, 2 F.4th 807, 814 (9th Cir. 2021) (holding uncharged firearms in addition to the ones charged were relevant conduct under the Sentencing Guidelines section provided for enhancement when the offense involves multiple firearms).

### B. Argument

Defendant admitted in the factual basis of her plea agreement that she purchased at least 33 firearms. (Doc. 131 at 7.) Now, she argues the enhancement for the number of firearms involved in an offense (U.S.S.G. § 2K2.1(b)(1)) is inapplicable because, in her plea agreement, she only admitted to purchasing a firearm on March 22, 2022 using a false address. Section 2K2.1(b)(1), however, instructs the court to count each firearm that was unlawfully obtained by making a false statement to a licensed firearm dealer, which includes providing a false address to a firearm dealer. Moreover, although Defendant only pleaded guilty to obtaining six firearms from Ammo Arizona on March 22, 2022, by providing a false address, this court may consider those other purchases in calculating the Defendant's base offense level as relevant conduct. U.S.S.G. § 1B1.3(a). Indeed, courts are even permitted to consider uncharged conduct in determining the base offense level.

Here, Defendant obtained the firearms by making two types of false statements to FFLs. First, she provided a false address in purchasing 22 out of the 33 firearms. The form 4473s along with rental ledger establish that the Defendant provided a false address on multiple forms. Thus, she obtained those 22 firearms using false statements. Second, in purchasing all 33 firearms she falsely claimed to be the true purchaser. Defendant's statements along with the statements of Williams establish that Defendant was a straw purchaser. Moreover, the receipts found at Williams residence in California corroborate those statements.

III.     **CONCLUSION**

For the above reasons, the Government respectfully requests that the Court deny Defendant's objection to the presentence report.

Respectfully submitted this 7th day of November 2025.

<div style="margin-left:40%">

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


s/ Diamond J. Zambrano
JACQUELINE SCHESNOL
DIAMOND J. ZAMBRANO
Assistant U.S. Attorneys

</div>